## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **V.** § | **CRIMINAL NO. A-05-CR-112 LY** |
| § | |
| **DARIAN JOBE** § | |

### AMENDED REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE[1]

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on July 19, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On February 22, 2006, Judge Yeakel sentenced the Defendant to a 60 month term of imprisonment, followed by three years of supervised release, for being in possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). The Defendant was released from the Bureau of Prisons on August 14, 2009, and began supervision.

---

[1] The sole reason for this amendment is to correct a misspelling of Mr. Jobe's first name from "Darion" to the correct "Darian."

In most respects, the Defendant has done well on supervision. He has maintained employment with the City of Austin for nearly one year. He has had a stable residence, and he has not incurred any new law violations. With regard to drug use, however, the Defendant's course on supervision has been more rocky. He tested positive for the use of amphetamines and cocaine in April 2010, and for cocaine on May 6, 2010. No action was taken by the court at that time given that the Defendant was participating in the drug aftercare program. On May 12, 2010, the Defendant tested positive again for use of cocaine, and the court ordered a modification to the Defendant's conditions to require placement in the McCabe Center for 90 days. Before the modification took effect, the Defendant tested positive for cocaine use on three additional occasions—May 24, June 2, and June 25, 2010. Each positive caused additional delay in the halfway house placement taking effect, as the Defendant must test clean before he can be admitted to the facility. After the last positive result was confirmed by the lab, the undersigned authorized the issuance of a warrant. The Defendant was arrested on that warrant on July 15, 2010.

On July 19, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.
2. The Defendant had both a factual and rational understanding of the proceedings against him.

3.	The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4.	The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5.	The Defendant was sane and mentally competent to stand trial for these proceedings.

6.	The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7.	The Defendant received a copy of the Petition naming him, and he read it.

8.	The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9.	The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10.	The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11.	The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.	The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.	The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.	The Defendant violated conditions of his supervised release by testing positive for the use of controlled substances on numerous occasions between April 26, 2010, and June 25, 2010.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  This is the Defendant's first appearance before a court since his supervision commenced.  While the undersigned is frustrated by the Defendant's inability to remain clean, there are some mitigating factors in this case.  During his time on supervision, the Defendant has held a steady job for the first time in his life.  He has not obtained any new criminal charges during this time.  Further, during the time that he relapsed, he experienced several emotional events, culminating in the death of his father approximately one month ago.  Revoking the Defendant's supervised release at this time would result in the Defendant losing his job, which has been the most stabilizing aspect of his supervision.  Accordingly, the Court believes that the Defendant should be given one last opportunity to be successful on supervision, and thus recommends that the Defendant's supervision be CONTINUED, with the following modification:

> The Defendant shall reside at a Community Corrections Center for a period up to 180 days, at the direction of the probation office.  He shall observe the rules of that facility, and he may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the Probation Officer, based on his ability to pay.

The Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.  This is the Defendant's last chance to avoid imprisonment for violating the conditions of his supervision.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.  The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE