# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-05-CR-112 LY |
| | § | |
| DARIAN JOBE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 23, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On February 22, 2006, the Defendant was sentenced by Judge Lee Yeakel to 60 months of imprisonment (later reduced by 321 days), followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Defendant's supervision commenced on August 14, 2009. The Defendant's conditions were modified in June 2010, to require 90 days of halfway house placement, as a result of continued drug use. Not long thereafter, a warrant was issued, because of yet further drug use. A revocation hearing was held in July 2010, and the Defendant was continued on supervision, although his conditions were further modified to extend his placement in the halfway house for 180 days. The Court noted at that time that it was

continuing Jobe on supervision to give him "one last opportunity to be successful on supervision." *See* Report and Recommendation date July 19, 2010 (Clerk's Doc. No. 48).

The Defendant arrived at the McCabe Center on July 23, 2010, and was successfully discharged on January 18, 2011. However, the Defendant failed to participate in the family substance abuse counseling he was directed to attend, and missed meetings in October through January 2011. Further, he failed to report to the probation office after his discharge from the McCabe Center, and also left his employment in February 2011 without notifying his probation officer. Based on this, the Court ordered the issuance of a warrant on March 2, 2011, and the Defendant was arrested on that warrant on May 16, 2011. At the time of his arrest, the Defendant was in state custody after an arrest for evading arrest or detention with a vehicle, enhanced. The probation office thereafter amended the petition to include the new arrest as a additional alleged violation.

The Defendant and his attorney appeared before the undersigned Magistrate Judge on May 23, 2011, for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the undersigned.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) failing to attend drug counseling; and (2) failing to report as directed.[1]

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. The Court has

---

[1] The Defendant pled "not true" to the allegation of a new law violation. That case remains pending before the state courts, and the undersigned therefore finds no basis for a violation on that ground at this time.

considered all of the above, and RECOMMENDS that the Defendant be sentenced to 14 months of imprisonment, with no supervised release to follow.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE